UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH R. PARRISH | ) | CASE NO. 17-31087(1)(13) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| JOSEPH R. PARRISH | ) | AP NO. 18-3005 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LINCOLN NATIONAL BANK | ) | |
| | ) | |
| Defendant(s) | ) | |

### MEMORANDUM-OPINION

This matter is before the Court on the Motion to Dismiss filed by Creditor Lincoln National Bank ("Lincoln") and the Motion for Derivative Standing filed by Plaintiff/Debtor Joseph Parrish ("Debtor"). The Court considered the parties' Motions, the Responses to each Motion and the comments of counsel for each party at the hearing held on the matters. For the following reasons, the Court will **GRANT** Lincoln's Motion to Dismiss and **DENY** the Debtor's Motion for Derivative Standing.

### PROCEDURAL AND FACTUAL BACKGROUND

On March 30, 2017, Debtor filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. On his Petition, Debtor listed Lincoln as a secured creditor in the amount of $5,355.21 for a "note loan secured by miscellaneous household goods."

On May 17, 2017, the Court entered an Order confirming Debtor's Chapter 13 Plan. The Confirmation Order provided that a scheduled secured claim of Lincoln in the amount of $5,355.21 would be paid over the life of the 60 month Plan with interest at 3.9%.

On March 10, 2017, 20 days before Debtor filed his Chapter 13 Petition, Lincoln setoff a debt owed to it by Debtor from Debtor's bank account in the amount of $5,484.63.

On January 31, 2018, Debtor initiated this adversary proceeding by filing a Complaint against Lincoln claiming Lincoln's actions in setting off the funds from the Debtor's bank account constituted a preferential transfer under 11 U.S.C. § 547.

On February 6, 2018, Lincoln filed its Motion to Dismiss the Complaint claiming the Debtor lacks standing to assert a preference action and that the Complaint fails to state a claim on which relief may be granted because Debtor cannot prove an essential element of his preference claim under 11 U.S.C. § 547(b)(5).

On March 6, 2018, Debtor filed his Objection to the Motion to Dismiss and a Motion for Derivative Standing.

## LEGAL ANALYSIS

The Court will separately address each of the claims raised by Lincoln in its Motion to Dismiss. First, Lincoln contends Debtor does not have standing to raise a claim under 11 U.S.C. § 547. The language of 11 U.S.C. § 547(b) provides that actions to avoid certain transfers of an interest of the debtor in property may be avoided by the Trustee under those circumstances set forth in the statute. Lincoln contends that the Debtor does not have standing to assert a claim under 11 U.S.C. § 547(b).

Lincoln analogizes actions brought under §547 to those brought under §544, which refers to the Trustee's "strong arm powers." In *In re David Wayne Smith*, 2014 WL 1404722 (Bankr. W.D. Ky. 2014), this Court, per Judge Stout, held that where a debtor brought an avoidance action under § 544, without first seeking an order from the court for leave to file the avoidance action, the case had to be dismissed without prejudice for lack of standing.

This Court believes the same rational applies in this case. Here, Debtor did not seek leave from this Court to file this adversary proceeding prior to initiating the case. Under the rationale of *Smith*, Debtor did not have standing to bring the action without first seeking an order authorizing the filing of the Complaint.

Simultaneous with his Objection to the Motion to Dismiss, Debtor filed a Motion for Derivative Standing requesting an order allowing him to file the Complaint in the event that this Court determines that he needed an order to initiate the case. The Court will not grant the Debtor's Motion for Derivative Standing because the Complaint does not state a claim upon which Debtor is entitled to relief, the second basis for Lincoln's Motion to Dismiss.

Debtor's Complaint is based upon 11 U.S.C. § 547(b)(5). Under this statute, the trustee may avoid any transfer of an interest of the debtor in property:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>    (A) on or within 90 days before the date of the filing of the petition; or
>    (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>    (a) the case were a case under chapter 7 of this title;

-3-

> (b) the transfer had not been made; and
> (c) such creditor received a payment of such debt to the extent promised by the provisions of this title.

11 U.S.C. § 547(b). Here, based upon the allegations of the Complaint, the Debtor will never be able to prove that Lincoln received more by the setoff than it would have received if the case were one under Chapter 7.

The undisputed facts establish that Lincoln had a claim secured by a vehicle described as a 2011 Ford F-150, VIN #1FTFW1EF1BFD25221. As of March 10, 2017, Debtor owed Lincoln $5,484.63. On that date, Lincoln setoff the amount of the debt from Debtor's bank account with Lincoln. Since this amount paid off the debt owed by Debtor, Lincoln released its lien on the vehicle. For this reason, Lincoln did not file a Proof of Claim in Debtor's bankruptcy. Furthermore, the Debtor's Chapter 13 Plan proposed to pay Lincoln the amount owed on the debt with interest at 3.9%, an amount that if fully paid, would be more than the amount of the setoff. Lincoln's claim has been paid in full, the lien released and Debtor owns the truck free and clear of any liens. Thus, Debtor cannot prove that Lincoln got more than it would have received had the case been filed as a Chapter 7.

Debtor contends that the funds that were setoff were exempt funds. First, Debtor cannot claim an exemption against property subject to a consensual lien where there is insufficient equity above the lien. Next, the Debtor's action was brought under 11 U.S.C. § 547 and Debtor cites 11 U.S.C. § 522(g)(1) as the basis for his claimed exemption. Under 11 U.S.C. § 522(g)(1) a debtor may exempt property the trustee recovers under 11 U.S.C. §§ 510(c)(2), 542, 543, 550, 551 or 553. Funds recovered under § 547 are not included in the statute. Thus, even if Debtor could prove all elements of a claim under § 547, the funds are not exempt under § 522(g).

## **CONCLUSION**

For all of the above reasons, the Court will **GRANT** the Motion to Dismiss of Lincoln National Bank and **DENY** the Motion for Derivative Standing filed by Plaintiff Joseph Parrish. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 10, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH R. PARRISH | ) | CASE NO. 17-31087(1)(13) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| JOSEPH R. PARRISH | ) | AP NO. 18-3005 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LINCOLN NATIONAL BANK | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss filed by Creditor Lincoln National Bank, be and hereby is, **GRANTED** and this adversary proceeding is dismissed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion for Derivative Standing filed by Debtor Joseph Parrish, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 10, 2018